PER CURIAM: *

Noe Rodriguez–Martinez appeals the 24–month sentence imposed by the district court upon revocation of probation. He argues that the sentence, which is below the 10–year statutory maximum term of imprisonment that the district court could have imposed, *see* 18 U.S.C. § 3565(b)(1), is plainly unreasonable. He asserts that a sentence within the policy statement range of 6 to 12 months of imprisonment would have been sufficient punishment given that he spent most of his life in the United States and assimilated into American culture. He further argues that if he had "been given the opportunity to freely and fully exercise his right to allocute (instead of being told to be quiet by the court)," he would have been better able to explain these mitigating circumstances. Because he raises these issues for the first time on appeal, our review is for plain error only. *See United States v. Kippers,* 685 F.3d 491, 497 (5th Cir.2012).

The record reflects that the district court gave Rodriguez–Martinez an opportunity to speak in mitigation of his sentence before imposing sentence. *See* FED. R.CRIM.P. 32(i)(4)(A)(ii); *United States v. Reyna,* 358 F.3d 344, 350 (5th Cir.2004) (en banc). Although the district court told Rodriguez–Martinez to "be quiet," the admonishment came after the district court had already imposed sentence and after Rodriguez–Martinez had already explained at length his personal history and circumstances, including his ties to the United States. Moreover, Rodriguez–Martinez fails to raise any facts in his brief that were not considered by the district court during the revocation proceedings or to set forth the facts that would have been brought to light if he had been permitted

to continue to speak after the sentence was imposed. Accordingly, we find no plain error.

AFFIRMED.

**Christopher LEVERSON,**
**Plaintiff–Appellant**

v.

**Jean SULLIVAN; Mitchell Solomon,**
**Defendants–Appellees.**

**No. 13–51034**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 29, 2014.

Christopher Leverson, Austin, TX, pro se.

Meitra Farhadi, Senior Attorney, City of Austin Law Department, Austin, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under

PER CURIAM: *

The judgment of the district court is AFFIRMED.

**Bernardette GUIDRY, Plaintiff–Appellant,**

v.

**GULF COAST TEACHING FAMILY SERVICES, INCORPORATED, Defendant–Appellee.**

No. 13–30540.

United States Court of Appeals, Fifth Circuit.

April 30, 2014.

Bernardette Guidry, Houma, LA, pro se.

Michael Thomas Tusa, Jr., Esq., Sutton, Alker & Rather, L.L.C., Mandeville, LA, for Defendant–Appellee.

Before STEWART, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Plaintiff–Appellant sued her employer, Defendant–Appellee, alleging various state and federal law claims including defamation, race discrimination, retaliation and tort. The magistrate judge granted summary judgment in favor of Defendant–Appellee. We affirm.

## I.

Gulf Coast Teaching Services, Inc. ("Gulf Coast") is a 501(c)(3) non-profit social service agency that provides services to those in need in the community, including the developmentally disabled, children at risk, and the elderly. Gulf Coast employed Bernardette Guidry in its Houma region as an Assistant or Acting Program Director. The Regional Director over the Houma Region was Willie Green.

In 2010, Guidry took time off in February and went on leave under the Family Medical Leave Act ("FMLA") in March. Guidry returned to work in late March. Several months later, in early July, two employees working under Guidry's supervision alleged that Guidry failed to pay them although they had submitted time sheets with their hours worked recorded. Green interviewed Guidry about the allegations and Guidry admitted that she had failed to pay the employees. A written reprimand was issued to Guidry. A few days later, several more employees came forward and complained that Guidry failed to pay them for all of the hours they had worked and, further, that she had required some employees to alter their time sheets to indicate that they had worked fewer

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.